*187 Opinion of the Court,
by Judge Owsley.
John Speed Smith, claiming the paramount legal tie to a tract of land of which William Frame, sen. was possessed, brought an action of ejectment against Frame; to recover the possession.
Frame was admitted defendant in the ejectment, and such proceedings were therein had, as that a verdiet and judgment were recovered by Smith for the whole of the land; but at the same term at which the verdict and judgment were recovered, a new trial awarded upon the application of Frame. The cause again came on for trial at a subsequent term, and a verdiet was again recovered by Smith for part of the land, and judgment was accordingly rendered in his favor, for that part only.
From that judgment Smith appealed, and by the opinion of this court, the judgment last rendered by the cuit court, was reversed, and the cause remanded to that court, with directions for a judgment to be ed in favor of Smith, upon the first verdict of the jury. See 3 Marsh. 231.
A judgment in ejectment cannot be enforced with m" out process, though the plaintiff may huid” without such aid, and is not theretreipassf notwithstanding the provision pying6 daiim ant law of 1812, forbidding the emawrit of possession, until the commispointed to assess improvements, &c. had reported.
Although the officer may return on a writ of restitution, that the party was restored to simi^stilfevidence may be given to othM* havin' a right to enter, had ally done so, ancl was in
*188 Accordingly, the cause went back to the circuit court, anc* a juclgment was there entered in conformity to the opinion of this court.
After this and on the 3d of April, 1822, a writ of ha-¿e?-e fac[as possessionem issued upon the judgment in favor °f Smith, and was thereafter returned by the sheriff,' “executed by delivering to Samuel Trimble and Wiljjam Ruf0rd, for John Speed Smith, the possession of William Frame, the tenant in possession, according to law and agreeable to the command of this writ, the 4th of April, 1822.”
The writ of possession was afterwards quashed by an order of the circuit court, made on the application of Frame, and a writ of restitution awarded him. A writ of restitution accordingly issued on the 27th of April, 1822, and was thereafter returned by the sheriff, “executed on the 15th of May, 1822, by restoring the premises mentioned in this writ, to William Frame.”
Subsequent, however, to the judgment of the circuit coul’l from which Smith appealed, and after the opinion was given by this court, but before that opinion was recorded in the court below, Smith conveyed the land to Samuel Tribble, sen. and Samuel Tribble, sen. thereafter, in February, 1822, prior to the date of the habere facias possessionem which issued in his favor, leased part 0p j.[ie un¡mproved land to Asa Tracy, who immediately entered upon the part leased, commenced improving the same, and actually cleared and enclosed with a fence) several acres, and continued to occupy the same ur|til the 16th of May, 1822, when the lease was surrendered by him to Samuel Tribble, sen. This surrender 0f t|ie lease Was made the day after the possession appears from the sheriff’s return to have been restored to Frame. But on the day the return imports a restoration of the possession, Tracy was ploughing in the field cleared and enclosed by him, and was not, in any man- . ner, disturbed by the sheriff or even warned to abandon the possession. After the surrender of the lease, Tracy still continued to occupy the field for Samuel Tribble, until the 21st of May, 1822, at which time, and whilst engaged in company with the plaintiff, Samuel Tribble, sen. and two slaves, putting up the fence, the defendants approached with two ploughs, entered the field and commenced ploughing. Perceiving their apSamuel Tribble, sen. requested the defendants» *189 to depart. They refused. Tribble then called in aid the plaintiff, who is his son. A rencounter immediately ensued, and by a blow of a handspike from one of the defendants, the plaintiff was brought prostrate to his knees. ■
The posses-°f lan<l force to defend his poss“„°“ tortious entry of others, ,to remove at any tirae trespassing uP°n his Pos' session‘
should, when “ to establish facts material in the ju-' as to the pStheoated?' case,
To recover for this injury, the plaintiff this action of trespass, assault and battery, in the court below. The general issue was pleaded by the dants, with leave to give any special matter in evidence. ,
On the trial in that court, after evidence going to prove the preceding facts was introduced, the court- was asked by the plaintiff to instruct the jury, “that if Tribble was in the actual possession of the field when the fight took place, he had a right to remove the dants, if they were trespassing upon him;” but the court refused to give the instructions, and instructed the ry, “that pending the order which had been made after the judgment in the ejectment cause against Frame, appointing commissioners under the occupying ant law, the plaintiff had no right to take possession.”
Under these instructions, a verdict was found by jury lor the defendants, and judgment thereon ed by the court. To reverse that judgment, this writ of error is prosecuted by the plaintiff.
The principle is not perceived, upon which the structions given by the court can be sustained. undoubtedly cannot be supported according to known principle of the common law. The deed which was executed by Smith, evidently conveyed all bis right and title to Tribble; and by the judgment against Frame, Smith is conclusively shown to have been previously invested with the legal right of entry. Tribble must, therefore, be acknowledged to have held the legal right of entry; and as the holder of that right, might, unquestionably, upon common law principles, lawfully enter and take the possession.
It was, however, Samuel Tribble, sen. and not the plaintiff, who held the conveyance from Smith, and it was the right of the plaintiff to enter and take the possession, that was denied by the instructions of the court. But, in its instructions, the court appears not to have been influenced by the circumstance of the conveyance having been made by Smith to Samuel Tribble, sen. Evidence had been introduced conducing to prove that *190 the plaintiff entered upon the land under authority from Samuel Tribble, sen. and, of course, the instructions must be understood to have been given with reference to that evidence, and upon the implied admission of every fact which it tended to establish.
Thus understanding the import of the instructions, the court most indubitably erred, if, as we have supposed, Samuel Tribble might have lawfully entered and taken the possession; for a right to enter and take the possession of land, necessarily implies a right to empower others to do so.
The instructions cannot, therefore, be sustained, unless, as seems to have been thought by the court below, they derive support from the law concerning occupying claimants to land.
It is proper here to remark, that if the instructions are sustained by any thing contained in that law, they must be under some other act than that of 1820. Smith’s right to the land had been decided by the court of original jurisdiction, before the passage of the act of 1820, and by the tenth section .of that act, its provisions are expressly declared not to extend to such a case. It is true, the judgment in favor of Smith was afterwards reversed by this court; but the reversal was still more favorable to Smith, and went to reinstate a prior judgment which he had recovered for the land, and which, in the opinion of this court,' had been incorrectly set aside by the court of original jurisdiction. And with respect to the acts prior in date to that of 1820, no provision has been discovered, which, in the opinion of the court, can sustain the instructions which were given to the jury.
There is a provision which forbids the emanation of an execution in favor of the successful claimant, until the commissioners appointed to assess the value of improvements, &c. make their report; but it does not thence follow, that his right to enter and take possession of the land, is destroyed. It is only proving a right of entry, that judgment is recoverable by a plaintiff in ejectment. After judgment, the plaintiff must, therefore, be supposed to possess the right. The right cannot, it is true, according to the provision of the act to which reference has been made, be enforced by the process of the court, until after the report of the commissioners; but the plaintiff may, nevertheless, without the *191 aid of process, exercise his right by actually entering upon the land. He unquestionably might have done so at common law, and the provision of the act contains nothing incompatible with the exercise of such a right.
The instructions which were given ought, therefore, to have been withheld from the jury.
We are also of opinion, that the instructions which were asked by the plaintiff, ought to have been given to the jury. No principle is better settled, than that which allows the possessor of land to defend his possession against the tortious entry of others. He may, if necessary, employ force to remove such as may at any time be trespassing upon his possession. If, therefore, the evidence conduced to establish the facts upon which the application of the plaintiff was hypothecated," the court must have erred in withholding those instructions from the jury; and that the evidence conduced to establish those facts, we apprehend, admits of no reasonable doubt. It is expressly proved, that on the day the rencounter happened, and when the defendants attempted to enter the field, the plaintiff was actually engaged putting up the fence. It is true, from the return of the sheriff upon the writ of restitution, the possession of the land appears to have been previously restored to one of the defendants; but admitting, for the present, (and we make the admission without intending to decide the point,) that the return is conclusive in the present case, still the evidence would be sufficient to show, that the plaintiff was in the actual possession of the land, when the assault and battery was committed; for although restitution of the possession may have been made by the sheriff, the right of Tribble to enter, remained, and that right may have been thereafter exerted, by his actually entering upon the .land, and from the fact of his being upon the land, using it as his own, he must be presumed to have so exerted his right.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with the principles of this opinion.