Chief Justice Robertson
delivered the Opinion of the Court,
Allin sued Yeates, in trespass quare clausum fregit.— Yeates relied, for justification, on a right of entry adjudged to himself and others, (claiming as tenants in common with Allin,) in an action of ejectment, in which they had obtained judgment against Allin, for seven undivided eighths of a tract of land in his actual occupancy.
The proof is, that, after the judgment, and before a writ of habere.facias had been issued, Yeates entered, without actual force, into one of the rooms of the house in which Allin was living, and, in opening the door of an “ out house,” for the purpose of putting some meat in it, he broke a wooden lock.
On this proof, the circuit judge instructed the jury, that, “although they might believe from the evidence, that the defendant had the right of entry into the premises, and that that right was confirmed by the judgment of the court; yet defendant had no right to enter the premises, without the consent of the plaintiff, unless put into possession by writ oí habere facias possessionem on the judgment ; and that, if'he did enter without such authority, he was a trespasser and thereupon verdict and judgment were rendered against Yeates, for eighty one dollars in damages.
The law is altogether different from what the instruction assumed it to be. Liberum tenementum is, just as it was at common law, a good plea in bar to an action of trespass quare clausum fregit. To say that a> person has a legal right of entry, but that he has no legal right to enter without the occupant’s consent, or unless the occupant shall have surrendered the possession, or left it derelict, would be inconsistent and unuieaning. The legal right *135 of entry, like every other perfect legal right, is indedependent of the will of others ; for if it be not 'so, it cannot be claimed or asserted as a matter of right, but must be invoked as a favor, and is, therefore, no legal right. A person having a right to enter on his own land, cannot be guilty of trespass on the land, or any thing pertaining to it, by entering, whether with or without the consent of another who has no lawful right to prevent the entry. Tribble vs Frame &c. 5 Litt. 187, and Tribble vs. Frame et al., 7 J. J. Mar. 603.
The only innovation which, so far as this case is concerned, the statute for regulating proceedings for forcible entries and detainers, has made on the common law, is, that the occupant may be reinstated, if he shall have been dispossessed against his will. But he cannot maintain trespass quare clausum fregit, for an entry without his consent, by a person who, at the time, had a legal'right to enter.
The judgment in ejectment established the right of entry in this case; and a habere facias was not necessary, except for the purpose of compelling a surrender, and of entitling Yeates to a retention of the possession, after it had been delivered to him.
There is no complaint of any trespass on the person or the property of Allin. The suit is only for an alleged trespass on the land, in which Yeates had a legal interest, and on which he had a perfect legal right to enter. In such an action, for such an entry, there can be no recovery of damages, unless Yeates transcended his right of making entry. If Yeates abused his right of entry, and trespassed on the person, or the rights, of AIlin, damages might be recovered for such a trespass. But the fact that, having a right to enter, he entered without ¿Min's consent, did not make him, as the instruction erroneously supposed, a trespasser, or entitle Allin to damages.
Wherefore, the judgment of the circuit court must he reversed, and the cause remanded for a new trial.