JUDGE HARDIN
delivered The opinion of the court.
This appeal brings to this court for revision two judgments: one of them dismissing three actions, originally instituted by Thomas C. Hicks, and afterward prosecuted by his administrator against Lewis B. Walker and Thomas Walker for several trespasses alleged to have been committed by them by forcibly entering upon a tract of land occupied by Hicks under an executory contract of purchase from John W. Yager, and by breaking and removing a portion of the houses and fixtures upon the land; and the other judgment being for a conveyance of the land to L. B. Walker, in a suit in equity prosecuted by him as the holder, by assignment of Hicks, of the bond'of Yager for title.
The suits were consolidated; the ordinary actions being transferred to the equity side of the court on motion of the defendants after a defense was presented, which on demurrer was,adjudged to be sufficient.
The alleged entry on the land and other acts of the defendants complained of by Hicks as trespasses were not denied; but the defendants pleaded as justifying them that said L. B. Walker, to whom Hicks had assigned the bond of Yager, was the equitable owner of thé land, and he and the other defendant, acting by his authority, peaceably entered oh the premises without the consent of Hicks, Who was in possession, and removed portions of the buildings, and fixtures, as they lawfully might. Whether these facts constitute a valid defense, to the actions, or either of them, is the first question to be determined.
*3 In Yeates v. Allen, 2 Dana, 134, it was held, in conformity to the principles decided in Tribble v. Frame, 7 J. J. Marshall, 599, that the legal right of entry, like every other perfect legal right, is independent of the will of others; and a person having a right to enter on his own land can not be guilty of trespass on the land, or anything pertaining to it, by entering whether with or without the consent of another who has no lawful right to prevent the entry. This, though a familiar and well-settled principle, does not, we think, apply to a case like this, in which the party pleading the right of entry without the consent of an occupant of the land has neither actual or constructive possession, nor the legal title. We are of opinion that the answer designated as “ Reponse No. 3 ”— to which a demurrer was filed by the plaintiff, which was overruled — did not, nor did either answer filed, state facts constituting a defense, and the court erred in overruling the demurrer.
It seems to us the court also erred in transferring the cases to equity, no valid equitable defense being presented. The plaintiff in these actions being entitled to an inquiry of damages by a jury, of which the action of the court deprived him, and having excepted to the order transferring the cases, is not concluded by the judgment dismissing his petition, although he failed to take proof of the causes of action therein alleged.
The only remaining question to be decided is as to the correctness of the judgment in the equity suit directing a conveyance of the land to Walker.
Although the bond of Yager is not in the record, being lost, as represented by Walker, the fact that he held it by an ordinary assignment of Hicks is not controverted; but it is alleged in the answer of the latter, inconsistently with the import of the assignment, that it was intended to operate only as a mortgage to secure an indebtedness which he averred that he had afterward paid. As to this, the evidence is conflicting and *4 unsatisfactory; but, in our opinion, fails to repel the fair and reasonable deduction that the bond was unconditionally transferred for an adequate consideration.
Wherefore the judgment dismissing the actions of Hicks’s administrator against Walker, &c. is reversed, and the causes are remanded for further proceedings consistent herewith; and the judgment in the suit in equity of Walker against Hicks’s heirs, &c. is affirmed.