McCORMICK HARVESTING MACHINE COMPANY

v.

ROSA ADELE.

*Appeal and Error—Variance—Real Property—Injury to Railroad Embankment.*

1.   The rule is inflexible that in order to take advantage in an appellate court of any improper ruling of the trial court which does not relate to the pleadings, or appear upon the face of the judgment itself, the improper ruling and exception thereto must be preserved in and by a proper bill of exceptions.

2.   Errors assigned in the case presented, challenging the correctness of the rulings of the trial court in refusing to set aside the verdict of the jury and refusing to grant a new trial, will not be considered, the motion for a new trial set out in the bill of exceptions being followed by the statement in substance that the defendant then and there excepted " to such judgment," it not appearing that any exception was taken to the action of the court overruling the motion for a new trial.

3.   The question of variance between the evidence and the declaration in a given case can not be raised where no objection and exception was interposed to any evidence introduced,

McCormick Harvesting Machine Co. v. Adele.

4. In an action brought to recover for injury done real property through building a railroad embankment in front thereof, this court holds that there is nothing in the contention that plaintiff is bound to prove title in fee simple under the averment that she was the owner and possessor of the lot, and that it would be enough if she proved she was in possession thereof, and was injured in her peaceable possession, and thus damaged by a wrongdoer, and all these facts were proven by evidence not excepted to, and that at least after verdict, a recovery would be sustained. In tort a plaintiff may prove a part of his charge and recover.

[Opinion filed June 26, 1893.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. COCKRELL & MOYERS, attorneys for appellant.

Messrs. M. MILLARD and JESSE M. FREELS, for appellee.

MR. JUSTICE GREEN. The judgment appealed from was for $850 damages and costs of suit against appellant for the injury and damage to appellee resulting from the construction and maintenance of an embankment and railway track by appellant in front of the premises of appellee in the city of East St. Louis. The following errors are assigned :

First. The court erred in admitting improper testimony on the part of the plaintiff.

Second. The court erred in refusing to admit proper testimony offered on the part of the defendant.

Third. The court erred in giving improper instructions to the jury on the part of the plaintiff.

Fourth. The court erred in refusing to properly instruct the jury on the part of the defendant.

Fifth. The court erred in not setting aside the verdict of the jury.

Sixth. The court erred in refusing to grant a new trial to the defendant.

Seventh. The court erred in rendering judgment for the plaintiff and against the defendant.

The bill of exceptions does not show that any exception

was taken on behalf of appellant to the ruling of the trial court in admitting or refusing to admit evidence, or in giving or refusing to give instructions, hence we can not consider the first, second, third and fourth errors assigned. The rule is inflexible that in order to take advantage in an appellate court of any improper ruling of the court during the trial of a cause which does not relate to the pleadings or appear upon the face of the judgment itself, the improper ruling and exception thereto must be preserved in and by a proper bill of exceptions. Martin v. Foulke, 114 Ill. 206; Graham v. People, 115 Ill. 566; Fireman's Ins. Co. v. Peck, 126 Ill. 49; Steffy v. The People, 130 Ill. 98.

The fifth and sixth errors assigned challenge the correctness of the rulings of the trial court in refusing to set aside the verdict of the jury, and refusing to grant a new trial.

In the bill of exceptions the motion for a new trial is set out, and then follows this statement: "But the court overruled the motion and rendered a judgment in accordance with the finding of the jury. To the rendition of which judgment the defendant then and there excepted." By this language we understand it was the rendition of the judgment that defendant excepted to, and no exception was taken to the action of the court overruling the motion for a new trial. The overruling of the motion was one act, preceding another distinct and separate act, viz., "rendering judgment in accordance with the finding of the jury," and an exception to the latter does not reach back and apply to the former ruling. Such being the condition of the record we feel precluded from the consideration of the fifth and sixth errors assigned. The seventh and last error assigned is, rendering judgment for the plaintiff and against the defendant. No suggestion is made that the judgment is technically defective either in form or substance, and the verdict having been sustained by overruling the motion for a new trial without exception, a judgment for the amount of damages assessed and costs, must necessarily and properly follow, and the seventh error is not well assigned. In the printed argument filed on behalf of appellant it is insisted

the judgment should be reversed because the averment in plaintiff's declaration is, that she was the owner and possessor of the lot in question, and the proof is she was a tenant for life; hence there was a fatal variance between the *allegata* and *probata;* that furthermore she could not recover for injury to her possession under said averment, but was required to prove ownership in fee as well as possession, and that as life tenant she could not recover if the owner in fee of said lot could not recover, and that the evidence showed the property was increased in value by the building of the railway switch and therefore the owner in fee could not have maintained a suit against appellant for the construction of it. If the condition of the record permitted us to examine and decide the questions thus presented we could not sustain the contention that the judgment ought to be reversed, for the reasons suggested. The question of variance cuts no figure, inasmuch as no objection and exception was interposed to any evidence introduced. There was a conflict of evidence as to the effect of building the embankment and switch in so far as it affected the value of the premises; therefore it can not be assumed, as appellant insists, that the evidence establishes the fact that the property was thereby increased in value. As to the other point, that plaintiff was bound to prove title in fee simple under the averment that she was the owner and possessor of the lot, it would seem, if she proved she was in possession thereof, and was injured in her peaceable possession and thus damaged by a wrongdoer, and all these facts were proven by evidence not excepted to, that at least after verdict, a recovery would be sustained. In tort a plaintiff may prove a part of his charge and recover. Ill. & St. L. R. R. Co. v. Cobb, 94 Ill. 55.

We discover no reason for reversing the judgment and it is affirmed.

*Judgment affirmed.*