## Sanitary District of Chicago et al. v. Joseph Kompare.

### Gen. No. 13,257.

1. REAL PROPERTY—*what sufficient prima facie evidence of owner-ship in action for injury to.* In an action for injury to real prop-erty ownership of such property for the purpose of maintaining such suit is *prima facie* established where it appears that the plaint-iff was in possession of the property in question and testified with-out objection that he was the owner thereof.

2. VERDICT—*when not excessive.* A verdict of $300 in an action for injury to real property is not excessive where it appears that a stone of the weight of 100 pounds went through the roof of such property and that such roof was practically destroyed and that the well, cistern, fences, sidewalk, window glass and porches were broken.

Action on the case. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed July 9, 1907.

E. C. LINDLEY, J. C. WILLIAMS, GEORGE W. PLUMMER and WHARTON PLUMMER, for appellants.

CHARLES C. GILBERT, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opin-ion of the court.

This is an action on the case brought to recover for damages alleged to have been caused to appellee's premises in Joliet by the free use of dynamite in blast-ing rock and earth while excavating a tail race in close proximity to said premises. It is claimed that the ex-plosions produced severe concussions, caused vibra-tions of the earth, and threw rock and other material upon and over the premises, damaging the dwelling house, its porches, windows and roof and also the fences, outhouses, cistern and trees.

It is urged in behalf of appellants that appellee had no right of action for the damages alleged, because it is said the title to the premises was not in him at the

time of the alleged damaging. The declaration alleges that he was the owner and lawfully possessed of the real estate in question. His deed to the premises was introduced in evidence. It bears date January 23, 1900, and it is claimed that the blasting complained of was all completed by the middle of that month, that the cause of action had accrued to the then owner of the fee, and was not and could not be transferred by the deed conveying the land to appellee, that such right of action is a personal right and not transferable; citing C. & A. R. R. Co. v. Maher, 91 Ill. 312-315. The deed in question is made by the People's Loan and Homestead Association and contains a clause as follows: "This deed is given in fulfillment of certain articles of agreement between the parties hereto bearing date December 16, 1890." The evidence is not disputed that appellee lived in the house from 1890 to 1896 and afterwards rented it, himself receiving the rents. There is nothing tending to show that appellee was not the actual owner of the property from the date of the agreement mentioned in the deed, and he testified to such ownership without objection. It is conceded by appellants that one in peaceable possession of real estate may maintain an action to recover damages for an injury to the possession and that such possession is sufficient evidence of ownership to permit evidence of permanent injury to go to the jury, but it is said that when the fee is shown to be in another than the plaintiff, the latter will be limited to injuries to his possession and possessory rights. In C. & St. L. R. R. Co. v. Woolsey, 85 Ill. 370-372, it appears that the appellee testified without objection that he owned the land, stated when he bought it and went into possession and that he had owned it ever since. The court says: "This unobjected to was sufficient evidence of title." See also City of Chicago v. McGraw, 75 Ill. 566; Ill. & St. L. R. R. Co. v. Cobb, 94 Ill. 55-63.

Appellant urges that there was no injury done to the

premises which was not immediately made good, that the damages are excessive and that the house was "a common, cheap, ordinary tenement in a poor part of the city," etc. Appellee testified to the amounts paid by him for repairing the building and replacing certain things which had been entirely destroyed, and that the amounts were reasonable; that he saw a number of men about the repairs and hired the cheapest to do the work. In C. & St. L. R. R. Co. v. Woolsey, *supra,* it was said: "Objection is also urged that witnesses were allowed to give their opinions of the amount of damages sustained. The witnesses first stated that they had personal knowledge of the alleged injuries on which the claim for damages is based and detailed their character. It was then competent to receive their opinions as to the amount of the damages sustained." There is evidence tending to show that a hundred pound stone went through the roof, and that it was practically destroyed; that the well, cistern, fences, sidewalk, window glass and porches were broken. In view of all the evidence we are unable to concur in appellants' contention that the damages are excessive.

Finding no material error the judgment will be affirmed.

*Affirmed.*