## VAN WINKLE v. HINCKLE.

AN action cannot be maintained under the two hundred and fifty-fourth section of the Practice Act, by a landlord against his tenant in possession for the purpose of determining the validity of an adverse title set up by the tenant.

The section of the statute above referred to must be construed as giving a remedy only against parties who are in a position to assert their rights, and not against those who are barred by a temporary estoppel as to the right asserted on the other side.

If a tenant renounce the tenancy in favor of an adverse title the landlord may elect to consider himself ousted and maintain ejectment, but he cannot claim possession through the tenant and at the same time bring an action against him to determine the title.

APPEAL from the Sixth Judicial District.

The facts are stated in the opinion of the Court.

*J. B. Harmon,* for Appellant, cited: Practice Act, sec. 254; *Ritchie* v. *Dorland* (6 Cal. 33); Story's Eq. Jur., secs. 852–856.

*J. W. Winans,* for Respondent.

Plaintiff avers in his complaint, that he is in possession; that appellant whom he sues is his tenant, by a specific contract of lease, and that, notwithstanding the allegation thereof, appellant bought an outstanding claim of title which she sets up adversely. This brings respondent's case directly within the purview of section two hundred and fifty-four of the Practice Act. (*Curtis* v. *Sutter,* 15 Cal. 259; *Pixley* v. *Huggins,* Id. 133, 134); in which latter case the Court clearly and fully determines in what cases an action can be brought to remove a cloud upon a title, and the present action is within the rule as there laid down. (See, also, opinion of Chancellor Kent in *Trustees of Huntington* v. *Nicall,* 3 Johns. 590, 591; *Cupps* v. *Irwin,* 2 Blackf. 112; *Douglass* v. *Scott,* 5 Hammond, [Ohio] 195; *Norton* v. *Beaver,* Id. 178; *Douglass* v. *McCoy,* Id. 522.)

COPE, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to quiet the title to certain real estate in the city of Sacramento. The complaint alleges that the defendant is in possession as the tenant of the plaintiff, but disclaims the tenancy, and sets up an adverse title in himself. The judgment enjoins the defendant from asserting his title, and establishes that of the plaintiff.

We are of opinion that the judgment is erroneous, and that the action cannot be maintained. The statute provides that " an action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate, or interest." (Prac. Act, sec. 254.) Taken literally, this provision is broad enough, perhaps, to authorize an action

against the tenant himself, but there are conclusive reasons why it should not be so construed as to give it that effect. It is a rule of public policy that a tenant cannot dispute the title of his land-lord, and it is not to be supposed that the intention was to interfere with this rule, or furnish the means of depriving the tenant of a right which, as tenant, he is precluded from defending. A tenant may acquire an adverse title, but he cannot use it against the land-lord so long as the tenancy continues; and unless we are to admit an exception in this respect the effect of the action would be to cut him off without an opportunity to be heard. We do not regard the statute as intending either of these results, but as giving a remedy against parties who are in a position to assert their rights, and are not bound by a temporary estoppel as to the right asserted on the other side. If a tenant renounce the tenancy in favor of an adverse title, the landlord may elect to consider himself ousted, and maintain ejectment; but he cannot claim possession through the tenant, and at the same time bring an action against him to determine the title. There is nothing in any of the previous decis-ions of this Court in conflict with these views, and the cases cited by the counsel for the plaintiff have no bearing upon the question.

Judgment reversed and cause remanded.