RACHEL DOVE, Respondent, *v.* BENJAMIN HAYDEN, Appellant.

Counter-claim in Equity—Sufficiency of, to defeat Motion for Nonsuit—Must not be coupled with Denials of Plaintiff's whole cause of Suit.—In a suit in equity, where plaintiff claims equitable title to real property, of which defendant is alleged to hold the legal title, basing the claim on the grounds of agency, fraud, and trust, and the defendant denies all these grounds, and sets up ownership in himself in the premises in fee, an allegation in the answer that the defendant has expended a certain sum of money in payment for the land, or in making improvements thereon, is not such a plea of counter-claim as will defeat a motion for nonsuit under §§ 243 and 398 of the Code.

Idem—A claim of Damages for Waste not sufficient where Plaintiff is Feme Covert.—In such a suit, where the plaintiff is a married woman, a claim in the answer for damages for cutting growing timber, etc., on the premises in dispute, is not a counter-claim, because it could not be maintained against the plaintiff alone; and because it is a ground for an *action* and not for a *suit*.

Idem—Plea of Ownership is not.—An allegation in the answer in such a suit that the defendant is the owner of the premises in fee simple, cannot be treated as a counter-claim, because it is not connected with the subject of the suit.

Appeal from Polk County.

This is an appeal from a judgment of nonsuit, granted on motion of the plaintiff, after issue joined and before proceeding to trial. The defendant resisted the motion, on the ground that he had pleaded a counter-claim, and relied on subdivision 1 of § 243 of the Code (made applicable to suits by § 398), which provides that a judgment of nonsuit may be given against the plaintiff, on his own motion, "at any time before trial, unless a counter-claim has been pleaded as a defense."

The facts are stated in the opinion of the Court

*G. W. Lawson and Thayer & Williams*, for Respondent.

*W. W. Upton, R. P. Boise, and P. C. Sullivan*, for Appellant.

By the Court, BURNETT, J.:

The substantial question presented by the motion to dismiss is, whether any counter-claim to the plaintiff's cause of suit is set up in the answer. Unless the facts there alleged constitute a counter-claim, the judgment of nonsuit on the motion of plaintiff was properly granted. This is not an action arising on contract, but is strictly a suit of equitable cognizance. The counter-claim, therefore, which the defendant is authorized to interpose, must be one upon which a suit might be maintained by the defendant against the plaintiff in the suit, and must be connected with the subject of the suit. (See Code, § 389.)

The legal title to the land in question is alleged by the complaint to be in the defendant. The plaintiff claims the equitable title, and bases her claim for relief on three grounds, to wit: agency, fraud, and trust. The defendant's answer denies the agency, denies the fraud, and denies the trust, and denies the indebtedness claimed under them.

The answer alleges that defendant paid one thousand two hundred and twenty-five dollars for the premises; also, that defendant made improvements thereon of the value of nine hundred and sixty dollars. That the plaintiff had cut and destroyed timber growing on said land to the amount

and of the value of five hundred dollars, and that defendant is justly and legally the owner of said parcel of land, in fee.

The term counter-claim seems to be a word of modern invention; and it is said by some of the text-writers that neither the professional nor the judicial mind has as yet fully settled the meaning and true interpretation of this term. But it may be safely said to partake of the nature both of set-off and of recoupment.

It is said in *Matoon* v. *Baker* (24 Howard, 330), that " a counter-claim, to be available to a party, must afford him protection in some way against the plaintiff's demand for judgment, either in whole or in part. It must, therefore, consist in a set-off, or claim by way of recoupment, or be in some way connected with the subject of the action stated in the complaint. It must present an *answer* to the plaintiff's demand for relief; must show that he is not entitled, according to law, or under the application of just principles of equity, to judgment in his favor as, or to the extent, claimed in the complaint. It must, therefore, contain not only the substance of what is necessary to sustain an action in favor of the defendant against the plaintiff, but it must also operate in some way to defeat, in whole or in part, the plaintiff's right of recovery in the action."

This would seem to be a very fair statement of the office of a counter-claim.

When a defendant sets up a counter-claim in pleading, he assumes that the plaintiff has a cause of action or suit against him, and proposes to meet it by establishing another cause of action or suit against the plaintiff. But here the defendant says that the plaintiff never had any cause of suit against him, and it would seem strange for a defendant to set up a counter-claim where there was no claim existing in favor of the plaintiff. If the defendant had denied the fraud, but admitted that he purchased the land for the plaintiff and then set up the amount he paid for the land and the amount paid for the improvements made on the place, and asked to have these amounts made a charge upon the land, these would be proper matters upon which he

could maintain a suit against the plaintiff, and would be the basis for a counter-claim; but when he denies that he purchased for the plaintiff, and alleges that he purchased for himself and is the owner in fee of the land in dispute, he has no ground for setting up a claim for purchase-money for, or improvements on, his own land. Suppose, that, instead of the plaintiff bringing this suit, the defendant had sued the plaintiff, alleging that he had purchased the land in question in trust for the plaintiff, and claiming that she should repay him the purchase-money and compensate him for the improvements made thereon by him, and take a deed, and she should answer, denying that he purchased for her, or that she had anything to do with his buying it, it would hardly be contended that she could then set up as a *counter-claim* that he should make a deed to her, and that his use of the place was sufficient to repay him his purchase-money, and for the improvements made thereon.

The claim for damages for cutting and destroying growing timber on the premises is objectionable, on the ground that it could not be maintained against the plaintiff alone, as it appears that she is a married woman, and it would only be ground for an action and not the subject of a suit. The defense of the defendant, that he is the owner in fee of the land in dispute, cannot, we think, be treated as a counter-claim, for the reason that it is not connected with the subject of the suit; it is an entirely separate and distinct matter; has no dependence upon, or in any manner arises out of the subject of the suit. The subject of the suit here is fraud, agency, and trust, and it is difficult to see how Hayden's title to the land in dispute grows out of either. He might, under that allegation, in a complaint founded on § 500 of the code, show that he had a deed from the plaintiff prior in time to the mortgage mentioned in the complaint, or that he held title from the government superior to the title of the plaintiff.

The code, in allowing counter-claims in suits in equity, seems to have adopted substantially the rule in regard to filing cross-bills. Under the former chancery practice, the cross-bill could only relate to matter touching the matters

in the original bill. It could not embrace new and distinct matters not embraced in the original bill; and if it did, no decree could be founded upon such new matter. (8 Cowen, 361.)

The judgment of the court below is affirmed.