[Filed April 30, 1892.]

## J. M. SEARS v. L. B. MARTIN ET AL.

22 311|
41 606|

EQUITY — EQUITABLE COUNTERCLAIM — LEGAL DEFENSES.— Matters of purely legal cognizance in no way connected with the suit, and not arising out of the transaction upon which the plaintiff bases his claim for relief, cannot be pleaded as counterclaims in a suit in equity.

Polk county: R. P. BOISE, Judge.

Plaintiff appeals. Reversed.

*Daly, Sibley & Eakin,* for Appellant.

*N. L. Butler,* for Respondents.

BEAN, J.—This is a suit to foreclose a mortgage. In substance, the complaint avers that on November 1, 1890, the defendant L. B. Martin made his promissory note and mortgage to plaintiff for one thousand eight hundred dollars, due one year after date; that the mortgage was duly recorded, and that no payments have been made thereon.

By his answer, the defendant admits the execution and delivery of the note and mortgage as alleged, and by way of counterclaim thereto, avers: "That plaintiff is indebted to him in the full sum of fifty dollars and eleven cents for lumber sold and delivered to plaintiff by defendant at plaintiff's special instance and request in 1889; that plaintiff has failed, neglected, and refused to pay the same or any part thereof, although often demanded; that said sum of fifty dollars and eleven cents is now due and owing from plaintiff to defendant. For a further defense herein, and by way of counterclaim, defendant alleges that plaintiff is indebted to him in the sum of sixty-two dollars for lumber sold and delivered to him by defendant at his special instance and request in the year 1890; that no part thereof has been paid, though often demanded; that there is now due and owing thereon to the defendant from plaintiff the sum of sixty-two dollars. For further and separate answer and defense, and by way of counterclaim herein, defendant alleges that during the year 1890, said plaintiff was the agent of, this defendant, and as such was engaged in the collection of a large number of accounts due this defendant from a number of persons for lumber; that for and on behalf of this defendant, plaintiff collected and received on said accounts, as such agent and employé, from said divers persons, sums amounting in the whole to the sum of two thousand one hundred and ninety-two dollars and forty-one cents, no part of which has been paid to this defendant, except the sum of one thousand and fifty-five dollars and seventy-five cents; that defendant has frequently demanded of said plaintiff the payment of the sum of one thousand and twenty-four dollars and fifty-five cents, the balance collected by plaintiff; that he has not paid the said sum or any part thereof; that there is due and owing this defendant from said plaintiff the said sum of one thousand and twenty-four dollars and fifty-five cents."

To each of these counterclaims plaintiff demurred, for the reason that they constitute no defense and cannot be pleaded as counterclaims in this suit. This demurrer being overruled, plaintiff refused to plead further, and judgment going against him, he brings this appeal. The demurrer should have been sustained. The counterclaim, in a suit in equity, under the practice in this state, must be "one upon which a suit might be maintained by the defendant against the plaintiff in the suit," or one arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or one in some way connected with the subject of the suit. (Code, § 393.) The matters here pleaded are of purely legal cognizance, in no way connected with the subject of the suit, or arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, and therefore do not come within the provision of the statute governing counterclaims in equity. It was so held in *Burrage* v. *B. G. & Q. M. Co.* 12 Or. 169, and that case is decisive of the question here.

The decree is therefore reversed, and the cause remanded with direction to sustain the demurrer.