[ Filed June 18, 1892.]

## GEORGE CONN v. VIRGIL CONN.

MATURED ACCOUNTS — INTEREST.— Unless an account be settled or matured, interest will not be allowed thereon in the absence of an agreement therefor.

PARTNERSHIP — PAST SERVICE FOR FIRM — ADDITIONAL COMPENSATION.— After a service is rendered for a firm, the compensation for which is fixed by contract, it is not competent for one member of the firm, without the consent of the other, to subject the firm to liability for additional compensation for the service already rendered.

EQUITY — UNLIQUIDATED DAMAGES — EQUITABLE COUNTERCLAIMS.— Claims for unliquidated speculative damages, not being such as would sustain a suit between the parties, are not proper equitable counterclaims.

Lake county: L. R. WEBSTER, Judge.

Defendant appeals.    Affirmed.

The object of this suit is the specific performance of a certain agreement between the parties, and also an accounting between the plaintiff and defendant as partners.    Both causes of suit arise out of the same agreement.    The answer alleges performance of that part of the agreement which is sought to be specifically enforced, which performance occurred after the commencement of the suit, and this is admitted by the reply.    The answer also admits the necessity of an accounting.    The only questions tried in the court below were those arising upon the accounting.

*Wm. R. Willis*, for Appellant.

*Watson, Hume & Watson*, for Respondent.

STRAHAN, C. J.—This cause was referred to W. L. Colvig, Esq., to take and report the evidence to the court, together with his findings of law and fact.    Upon the. filing of the report, numerous exceptions were made both by the plaintiff and defendant, and the same were so modified that a decree was entered against the defendant for the sum of four hundred and ten dollars and ten cents, from which the defendant has brought this appeal.    The referee found that

the plaintiff should be charged in the account, thirty-one thousand four hundred and fifty-eight dollars and eighty-two cents, and credited twenty-five thousand two hundred and seventy-eight dollars and ninety-four cents, leaving a balance due from him to the firm of six thousand one hundred and seventy-nine dollars and eighty-eight cents; and the defendant should be charged fifteen thousand six hundred and nine dollars and twenty-one cents, and credited nine thousand six hundred and forty-nine dollars and thirty-eight cents, leaving a balance due from him to the firm of five thousand nine hundred and fifty-nine dollars and eighty-three cents; and that the plaintiff owed the firm two hundred and twenty dollars and three cents more than the defendant owed it. And he further found for the defendant, on account of the first and second counterclaims pleaded in his answer, to the amount of one thousand and seventeen dollars and eleven cents on the first counterclaim, and eight hundred dollars on the second, which, with one-half of the balance of two hundred and twenty dollars and three cents, found against the plaintiff, amounted to the sum of one thousand nine hundred and twenty-seven dollars and thirteen and one-half cents, for which he recommended a decree in favor of the defendant.

The court, after hearing the same, sustained plaintiff's exceptions to four of the findings of the referee: that which allowed defendant credit for one hundred and sixty-four dollars, back salary paid J. C. Conn; that which charged plaintiff eight hundred and seventy-six dollars and forty-five cents on account of taxes on his excess of capital; that which finds for defendant one thousand and seventeen dollars and eleven cents, damages for plaintiff's refusal to lease the mill; and that which finds for defendant eight hundred dollars, damages for plaintiff's refusal to join in repairing the mill; and, as a result, re-stated the account, so that plaintiff was charged thirty thousand five hundred and eighty-two dollars and thirty-seven cents, and credited

twenty-five thousand two hundred and seventy-eight dollars and ninety-four cents, leaving a balance due from him to the firm of five thousand three hundred and three dollars and forty-three cents; and defendant was charged fifteen thousand six hundred and nine dollars and twenty-one cents, and credited nine thousand four hundred and eighty-five dollars and thirty-eight cents, leaving a balance due from defendant to the firm of six thousand one hundred and twenty-three dollars and eighty-three cents, being eight hundred and twenty dollars and forty cents more than the balance, for one-half of which sum (four hundred and ten dollars and ten cents) the court directed a judgment in favor of the plaintiff against the defendant, and disallowed each of said counterclaims, and overruled all of defendant's exceptions and all of plaintiff's, except those above stated.

The contention between these parties is as to sundry items which go to make up the aggregates found by the referee, and present mainly questions of fact. As to these, the evidence is conflicting, and we could only say approximately which party is right and which wrong were we to enter into an examination of the evidence and attempt to restate the account. We have carefully read the evidence, and examined the ruling of the court below on each contested item, and are disposed to think the weight of the evidence is with the court's finding. The disputed items are, plaintiff's claim, allowed by the referee and court, for interest on his excess of capital in the business; defendant's claim that plaintiff shall be charged with the taxes on this excess, which was allowed by the referee and disallowed by the court; defendant's claim for interest paid by him to J. C. Conn on his account, disallowed by the referee and court; defendant's claim for one hundred and sixty-four dollars, back salary paid J. C. Conn, allowed by the referee and disallowed by the court; defendant's claim for receipts of postoffice, disallowed by the referee and court; defendant's claim that plaintiff should pay for a wagon belonging to

the firm, disallowed by the referee and court. It is suffi-
cient to say that there was an agreement on the part of the
defendant that the plaintiff should have interest on the
amount of capital invested by him in excess of the defend-
ant, and there was no agreement as to who should pay the
taxes on said excess. Besides, there is no satisfactory evi-
dence that the firm paid taxes on this excess. A part of
the firm's capital was borrowed from the plaintiff; and in
the absence of an agreement to that effect, we know of no
law that would subject the plaintiff to a liability to the
firm for taxes paid on such borrowed capital. It does not
appear that J. C. Conn's account was a settled or matured
account, or that there was an agreement, expressed or
implied, that he should be allowed interest thereon; nor
does it appear that the firm was in any way responsible for
the one hundred and sixty-four dollars paid by the defend-
ant to J. C. Conn for back salary. Said J. C. Conn's salary
was fixed by contract; and after the service had been ren-
dered, it was not competent for one member of the firm,
without the consent of the other, to subject the firm to
a liability for additional compensation. In such case, the
firm is not liable. The other two items were disallowed by
both the referee and court, and need not be particularly
noticed.

The defendant's counter-claims are both for damages,
unliquidated and speculative. Upon neither of them could
a suit have been maintained by the defendant and against
the plaintiff. (Hill's Code, § 393.) They are, therefore, not
counter-claims in equity, but matters of legal cognizance.
But in addition to this, the second counter-claim seems to
be based on the theory that if one tenant in common will
not repair, or consent that his co-tenant shall repair, he
may sue such co-tenant in equity for damages. We deem a
more particular discussion or statement of these matters
unnecessary.

In every view, we think the decree appealed from is correct and must be affirmed.