CASE 6—PETITION ORDINARY—JANUARY 26.

# Stillwell v. Duncan.

### APPEAL FROM NELSON CIRCUIT COURT.

1. TRESPASS—DEFENSE OF LIBERUM TENEMENTUM.—A person having a right to enter on his own land can not be guilty of trespass on the same, whether he enters with or without the consent of another, and the plea of *liberum tenementum* presents an effectual defense in an action of trespass *quare clausum fregit* by one in possession thereof.

2. COUNTERCLAIM.—In such an action based on the mere possession of the plaintiffs, and in which the defendant claims title to the land, he may plead by way of counterclaim a claim for damages thereto by the plaintiff during his possesson thereof.

3. APPEALS—JURISDICTION.—In such an action where the defendant asserts title to the land, the title to the land is involved, and an appeal will lie from a judgment for the plaintiff, although it be for an amount less than authorizes an appeal to this court.

C. T. ATKINSON FOR APPELLANT.

1. When in an action for trespass upon land the title is put in issue, the right of appeal exists irrespective of the amount of damages assessed. Casky v. Lewis, 15 B. M., 27; 7 Bush, 26; 88 Ky., 254; 90 Ky., 96.

2. Appellee's possession was obtained by force, and was not such possession as will authorize him to maintain an action for trespass *quare clausum fregit*. Bacon's Abridgement, title Trespass, p. 566; McLain v. Todd's Heirs, 5 J. J. M., 338; Townsend v. Bissel, 5 Thomp. & C. (N. Y.), 583; 3 Hun. (N. Y.), 556; Ill. R. R. Co. v. Cobb, 94 Ill., 55.

3. The plea of *liberum tenementum* is a good bar in an action for trespass *quare clausum fregit*. 7 J. J. M., 601; 2 Dana, 134; Bacon's Abridgment, title Trespass, p. 613; Hyatt v. Wood, 4 John's Rep. (N. Y.), 150; Yates v. Allen, 2 Dana, 134; Walton v. File, 1 Dev. & B. (N. C.), 567; Tribble v. Frame, 7 J. J. M., 617; Gatewood v. Head, 2 Litt., 60; Am. & Eng. Enc. of Law, vol. 26, title Trespass, pp. 601 and 602.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against appellant for trespass *quare clausum fregit*, alleging that he, Duncan, was in possession of a tract of land of about an acre; and that on March 20, 1895, appellant wrongfully entered on said land and cut down and carried away trees growing thereon, tore down fencing, dug holes and placed other fencing and timber and turned cattle thereon. Appellant answered, denying the wrongful entry; and in the second paragraph, as amended, stated that he was the owner and entitled to the possession, averring facts showing title by continuous possession, under record deducible from the Commonwealth, for twenty-three years prior to March, 1892, when he averred that appellee forcibly, and without right, entered on the land and evicted him, tore down the enclosing fence and erected a new fence between the tract and the remainder of appellant's land; that on the first of March, 1895, appellant recovered judgment against appellee, Duncan, for the trespass referred to and the injury committed by him, up to the date of filing the first action of trespass; that thereafter, about March 20, 1895, appellant peaceably re-entered the tract, took down the separating fence and erected a new fence within the boundary, connecting the tract with his other land. He also filed a counterclaim for the damage to the land during appellee's possession thereof, from the date of the filing of his former action of trespass down to the date of his re-entry upon the land.

A demurrer to this paragraph as amended was sustained, presumably upon the ground that the plea of *liberum tenementum* is not available to an action of trespass *quare*

Stillwell v. Duncan.

*clausum fregit* brought by a person who was in actual posses-
sion of the land. Such, however, is not the law, as we under-
stand it. In McClain v. Todd's Heirs (5 J. J. Marshall, 338),
it was held that "An intruder does not gain such a possession
as will even authorize him to maintain trespass *quare
clausum fregit.* (Ba. A.)" In 7 J. J. Marshall, 601, Tribble
v. Frame, the appellant holding a paramount title, and hav-
ing a perfect legal right to enter upon the land, entered there-
on in the absence of the appellee, who had theretofore been
in actual possession, and this court (Chief Justice Robertson
delivering the opinion), thus laid down the law upon the
question presented by the case at bar:

"According to the common law, a person holding the title
to land, and having the right of entry, might use actual
force, if necessary, for overcoming any forcible resistance;
because his right of entry being perfect, no other person
could lawfully resist him in the exercise of his perfect right.
The British Statutes of forcible entry and detainer declared
that an entry, with actual force, should subject the party, so
entering, to an indictment for any consequential breach of
the public peace, and to restitution of possession, and also
to an action of trespass. But these statutes have ever been
so construed as not to affect the common law right of justify-
ing, in an action of trespass, *quare clausum fregit,* the forcible
entry, by pleading and proving a right of entry; and hence,
*liberum tenementum* has, notwithstanding those statutes, been
always held to be an effectual plea to the action of trespass,
and thus proves that the right of entry is a right to make an
actual entry on the land. Ba. ab. Forcible Entry and De-
tainer, A. III. Ja. Law Dic., 88; III Chitty's Blackstone, 4
and 5 n. 12; Ib. 179, and notes; Sel. n. p."

In Yeates v. Allin (2 Dana, 134), the exact question arose which is presented in the case at bar. Yeates having the legal right to the possession, entered without actual force a room of a house in which Allin was living, and to an action of trespass *quare clausum fregit* pleaded a judgment in favor of himself and others for seven undivided eights of the land in the actual possession of Allin. The lower court instructed the jury that, although Yeates had the right of entry, and that right was confirmed by the judgment pleaded, yet he had no right to enter without Allin's consent, unless put in possession by writ of *habere facias;* and that if he did so enter, he was a trespasser. In delivering the opinion, Chief Justice Robertson said:·

"The law is altogether different from what the instruction assumed it to be. *Liberum tenementum* is, just as it was at common law, a good plea in bar to an action of trespass *quare clausum fregit.* To say that a person has a legal right of entry, but that he has no legal right to enter without the occupant's consent, or unless the occupant shall have surrendered the possession, or left it derelict, would be inconsistent and unmeaning. The legal right of entry, like every other perfect legal right, is independent of the will of others; for if it be not so, it can not be claimed or asserted as a matter of right, but must be invoked as a favor, and is, therefore, no legal right. A person having a right to enter on his own land, can not be guilty of trespass on the land, or anything pertaining to it; by entering, whether with or without the consent of another, who has no lawful right to prevent the entry. Tribble v. Frame, &c., 5 Litt., 187, and Tribble vs. Frame, et al., 7 J. J. Mar., 603."

Latta v. Redden, 5 R., 426; Ill. R. R. Co. v. Cobb, 94 Ill., 55; Ba. A., title "Trespass," c. 3; Hyatt v. Wood, 4 Johns., 150.

We conclude that the action of the trial court in sustaining the demurrer to the plea of *liberum tenementum* was manifest error.

As to the counter-claim for damages for injury to the freehold between the date of the bringing of the original action of trespass by appellant and the date of his re-entry, the action of the lower court was, in our opinion, incorrect. The counter-claim was not based on a cause of action arising out of the transaction stated in the petition, but was based on a cause of action connected with the subject of the action. In Whitlock v. Redford (82 Ky., 391), the plaintiff had brought an action for trespass to land, averring title in himself, and the defendant answered denying plaintiff's title, alleging title in himself, and seeking by way of counterclaim to recover of plaintiff the whole tract of land in controversy. The court, Chief Justice Hines delivering the opinion, said:

"The subject of the action is the land in controversy, and the foundation of plaintiff's claim is the asserted legal title to the land. The fact that the plaintiff seeks to recover damages for trespass, does not alter the character of the action from a direct proceeding to recover the land on the allegation of title, and in such a case there could be no doubt of the defendant's right to assert title in himself and have it so adjudged. The counter-claim asserted is clearly connected with the subject of the action."

That case is hardly distinguishable from the case at bar. In this case no title, but merely the bare possession, was

averred by the plaintiff, and the counterclaim for damages did not arise out of the transaction stated in the petition. But the cause of action stated in the counterclaim is connected with the subject of the action, for the plaintiff's right of recovery depends on the question whether the defendant has title to the land, upon which question also depends the right of defendant to recover on his counterclaim. If de-fendant has title, plaintiff can not recover, for defendant's entry was, in that case, not wrongful as averred in the petition. The subject of the original action, therefore, involves the question whether defendant has title, and upon that question defendant's counterclaim is based.

Under the view herein taken, it is unnecessary to consider the instructions given by the trial court.

While the amount of recovery by appellee was but two dollars and a half, this court has jurisdiction of the appeal, as by the answer pleading title and right to possession in appellant the question of title to the land became involved. (Clements v. Waters, &c., 90 Ky., 99; Hughes v. Swope, 88 Ky., 257; Moore, &c., v. Boner, 7 Bush, 28; Caskey v. Lewis, 15 B. Mon., 29.)

Wherefore, the judgment is reversed for further proceedings consistent with this opinion.