WILLIAM D. TYNDALL, Appellant, *v.* ROBERT A. BEATTY, Respondent.

(Supreme Court, Appellate Term, February, 1908.)

Pleading — Complaint or declaration — Statement of cause of action in general — But one form of action.

Under the present system of practice in this State, the civil action is the single judicial instrument for the prosecution of all remedial rights and for obtaining all remedies; and the differences of form which once existed have been abrogated.    It is now only requisite, to entitle a plaintiff to recover, that he should allege and prove the facts which entitle him to the relief he seeks.

Where the plaintiff deposited money with the defendant to pay for one month's rent of an apartment, under a lease thereafter to be made but which was never made because the defendant failed to make certain repairs to the demised premises which he had

agreed to make, and the plaintiff sues to recover the deposit, and sets out the facts relating to the transaction, it is error for the trial justice to dismiss the complaint on the ground that the plaintiff could not maintain the action on the theory of money had and received and that the action should have been to recover damages for breach of contract.

APPEAL by the plaintiff from a judgment dismissing the complaint, rendered in the Municipal Court of the city of New York, tenth district, borough of Manhattan.

Tyndall & Barton, for appellant.

Stanley Holcomb Molleson, for respondent.

SEABURY, J. This action was brought to recover thirty dollars which it was alleged the defendant had and received from the plaintiff. The pleadings were oral. The thirty dollars sued for is a part of the sum of forty dollars which the plaintiff paid to the defendant for one month's rent for an apartment for which the plaintiff agreed to sign a lease, provided the defendant made certain specified repairs. The repairs which were to be made are set forth in a receipt which the defendant gave the plaintiff and which was offered in evidence. Subsequently the plaintiff decided, with the consent of the defendant, to accept a smaller apartment at thirty dollars a month · instead of forty dollars, upon the understanding that the defendant would make certain specified repairs in this apartment. The defendant returned ten dollars of the sum deposited with him. The defendant failed to make the repairs agreed upon. All of the transactions had between the parties were preliminary merely to the signing of a lease which was not executed.

The learned trial justice dismissed the complaint, upon the ground that the plaintiff could not " maintain this action on the theory of money had and received," and that the action should have been to recover damages for breach of contract. In this ruling, we think, the trial justice erred. It is a fundamental principle underlying the system of code pleading that the civil action has been substituted for, and

necessarily abrogates, the technical and arbitrary common law forms of actions. The civil action, under our system, is " the single judicial instrument for the prosecution of all remedial rights and the obtaining of all remedies." Pom. Code Rem. § 32. Section 3339 of the Code of Civil Procedure provides: " There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished." The rights of action and the remedies which formerly existed under various forms of action still survive, but the differences of form have been abrogated, and the pleader need not declare upon any distinctive form of action in order to recover. It is only requisite to entitle him to recover that he should allege and prove the facts which entitle him to the relief which he seeks. When he does this, he cannot be turned out of court and treated as one making a false clamor.

The judgment appealed from is reversed and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE and GERARD, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.