GARRY J. HEARN, Plaintiff, *v.* JAMES A. LEARY and Another, Defendants.

Supreme Court, Saratoga County, July 11, 1925.

**Liens — discharge — action to compel defendants to accept sum due on promissory note and to deliver to plaintiff said note together with certain shares of capital stock of close corporation held as security therefor — plaintiff has tendered amount due with interest and made demand for note and shares of stock — tender of indebtedness discharged defendant's lien — plaintiff entitled to equitable relief restraining defendants from selling, indorsing or otherwise dealing with said stock shares where plaintiff may suffer irreparable injury — complaint sufficient.**

Plaintiff's complaint in an action to compel the defendants to accept a sum due on a promissory note and to deliver to said plaintiff the note together with certain shares of capital stock of a close corporation held by the defendants as security therefor which stock is not purchasable in the market, and for equit-able relief restraining said defendants from selling, indorsing or otherwise dealing

with said shares, states a cause of action in equity and is maintainable, where it appears that plaintiff seeks to redeem the shares of stock pledged at the time of making the loan, and that he will suffer irreparable injury. Moreover, plaintiff's tender of the amount due with interest and his demand for said note and shares of stock discharges defendants' lien thereon.

MOTION by defendants for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

*Hinman, Howard & Kattell* [*William E. Bennett* of counsel], for the plaintiff.

*Leary & Fullerton,* for the defendants.

HERRICK, J.:

This motion is made under rule 112 of the Rules of Civil Practice for judgment on the pleadings, it being the contention of the defendants that the amended complaint does not state facts sufficient to constitute a cause of action. Under this rule the motion must be determined solely upon the pleadings. (*Welch* v. *City of Niagara Falls,* 210 App. Div. 170.) The court is not called upon to decide whether the plaintiff will ultimately succeed on the trial on a motion of this character, but must take the plaintiff's story of his grievance as alleged in his pleading and taking the facts pleaded as admitted and resolving every legitimate inference in favor of the pleading, ascertain whether he states a cause calling for an answer by the defendants. (*Moore* v. *Bonbright & Co., Inc.,* 202 App. Div. 281, 283; *Interstate P. & P. Co., Inc.,* v. *New York Tribune, No. 2,* 207 id. 453.)

With this rule in mind, let us turn to the pleading under criticism for a brief review of the facts therein alleged.

On November 3, 1919, the plaintiff made and delivered to the defendant Leary his promissory note for the sum of $1,000 payable three months after date with interest at six per cent, and as collateral security for the payment of the loan the plaintiff delivered to this defendant twenty-five shares of the capital stock of the Schenectady Holding Company, Inc., of the par value of $100 each. The plaintiff's indebtedness does not exceed the amount of the note and interest. The defendant Gertrude E. Gilhouse is and was the duly constituted agent of the defendant Leary and as such has in her possession the promissory note and shares of stock held as collateral. On February 5, 1924, the plaintiff tendered to the defendant Gilhouse, as such agent, the sum of $1,255.33, the amount of the note and the interest thereon to February 5, 1924, and at the time of making the tender demanded the return of the note and the twenty-five shares of stock. The defendant Gilhouse refused to accept the sum of money tendered or any part thereof

and refused to surrender to the plaintiff the note and collateral. Notwithstanding the plaintiff's tender and demand, the defendant Leary has asserted the right to sell the collateral at any time without notice and has threatened to and intends to dispose of the stock without notice to the plaintiff and without compliance with the provisions of the Lien Law; that the plaintiff is ready and willing to pay the defendant the said sum of $1,255.33 and offers to pay that sum at any time upon the delivery to him of the note and collateral; that the stock is worth many times the sum of $1,255.33, and if the threatened sale is not enjoined the plaintiff will suffer irreparable injury. The stock has always been and still is held by six people only, one of whom is the defendant Leary, each stockholder owning $2,500 of par value, the total capitalization of the company being $15,000; that the corporation referred to has been making large profits for several years last past and should continue to do so; that the stock is valuable and cannot be bought in any market and that none of the stock has ever been offered for sale; that no holder is anxious or willing to sell his stock and that plaintiff is without an adequate remedy at law. The complaint demands judgment:

1. That the defendants be required to accept the said sum of $1,255.33 and deliver to the plaintiff the said promissory note and the twenty-five shares of capital stock held as collateral.

2. That during the pendency of the action the defendants be enjoined and restrained from indorsing, disposing of, transferring, hypothecating or otherwise dealing with the said shares of stock and note.

To arrive at a proper solution of the controversy presented on this motion, it is necessary to apply to the foregoing facts and to such inferences, if any, as may be properly drawn therefrom in favor of the plaintiff's pleading, such rules of law as are applicable to the question at issue.

It is well settled that a tender of the amount due discharges the lien. (*Rush* v. *Wagner*, 184 App. Div. 502; *Cass* v. *Higenbotam*, 100 N. Y. 248.) The tender of the amount of the indebtedness discharged the lien and the defendants thereupon ceased to have further claim on the shares of stock.

It is apparent from the facts that the action was brought for the redemption of the shares of stock pledged at the time of the making of the loan. That such an action is maintainable in equity is well settled. (*Lang* v. *Thacher*, 48 App. Div. 313.) To sustain such an action it is no longer necessary for the pleader to stress those forms of pleading which were formerly regarded as indispensable in suits in equity.

The distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished. There is now only one form of civil action. " The rights of action and the remedies which formerly existed under various forms of action still survive, but the differences of form have been abrogated, and the pleader need not declare upon any distinctive form of action in order to recover. It is only requisite to entitle him to recover that he should allege and prove the facts which entitle him to the relief which he seeks. When he does this, he cannot be turned out of court and treated as one making a false clamor." (Civ. Prac. Act, § 8; *Tyndall* v. *Beatty*, 57 Misc. 646; *City of Syracuse* v. *Hogan*, 234 N. Y. 457, 463; *Susquehanna Steamship Co., Inc.*, v. *Andersen & Co., Inc.*, 208 App. Div. 26, 38.)

The courts have declared that equitable actions may be brought for the purpose of restraining the infliction of contemplated wrong or injuries and the prevention of threatened illegal action which may be the occasion of serious injury to others. Equity, however, interferes in the transactions of men by preventive measures only when irreparable injury is threatened and the law does not afford an adequate remedy for the contemplated wrong. (*Thomas* v. *M. M. P. Union*, 121 N. Y. 45, 51.)

Assuming then that the plaintiff's alleged grievance is well founded, does his pleading fall within this rule? If the lien of the defendant has been discharged, then he has no further right over these shares of stock. They are the plaintiff's property and if any one without his authority seeks to sell them or threatens to sell them, equity will come to his relief and furnish protection. That is the purpose of equity. It is so stated in the above rule. But if equity should fail in this, would the plaintiff suffer irreparable injury? His stock would be lost to him, and if the allegations of his complaint are true, he would be unable to purchase other shares to replace those sold contrary to his will. This must be accepted as true, for his pleading states " that the stock of the company has always been and still is held by six people only," and that " none of said stock has ever been offered for sale nor is any holder anxious or willing to sell his stock." How, then, could the injury be repaired if other stock in the same company could not be obtained to replace his shares if sold? It cannot be said that money damages would repair the injury, for the stock may be of some peculiar personal value to the plaintiff arising out of his interest in or connection with the corporation and because, as averred in the complaint, " the company has been making large profits for several years last past and should continue to do so

29

and that said stock is valuable and cannot be bought in any market."

If this reasoning is sound, the complaint states a cause of action and the defendants' motion must be denied.

Motion denied, with the usual motion costs to abide the event.