Argued at Pendleton October 26; affirmed December 15, 1931;
rehearing denied February 9, 1932

# HATTREM *v.* BURDICK ET AL.

(6 P. (2d) 18)

*George H. Brewster,* of Redmond, for plaintiff.

*Elton Watkins,* of Portland (Nelson A. Burdick, of Redmond, on the brief), for defendants.

RAND, J.  J. R. Hattrem brought this suit against the defendants to foreclose a mortgage of real property given by Denton G. Burdick and Zoa M. Burdick, his wife, to the Municipal Reserve and Bond Company to secure their joint note to said company for $5,000. The company assigned and transferred the note and mortgage to W. A. Hattrem and he in turn to his wife, the plaintiff herein. Subsequent to the execution of the mortgage, Burdick and wife conveyed the mortgaged premises to the defendants Blanchard and wife. The answer alleges that after the transfer to W. A. Hattrem of the note and mortgage, he and his wife employed Denton G. Burdick to perform legal services and promised and agreed to credit the note with the reasonable value of the services so to be performed, that the services were performed as agreed and were of the reasonable value of $2,750, and that the same had not been paid or credited as agreed. Later and during the trial of the cause, the answer was amended, claiming $5,000 to be the reasonable value of the services so performed. The amount prayed for in the complaint

was for the full amount of the note less a small cash credit that had been paid thereon, but no credit was given for the reasonable value of the services nor for any part thereof. After the trial of the cause in the court below, a decree was entered allowing defendants a credit upon the note and mortgage in the sum of $2,000 and foreclosing the mortgage for the remainder. From this decree both plaintiff and the defendants have appealed. The answer was challenged by a motion to strike and by demurrer, both of which were overruled and plaintiff assigns the rulings thereon as erroneous and defendants assign as error the refusal of the court to credit the note and mortgage with the amount claimed in the amended answer.

■ There was an allegation in the answer that the note and mortgage were assigned by Hattrem to his wife without consideration and after maturity and that the assignment "is null, void and of no force and effect". This was the allegation against which the motion was directed. The transfer of a note and mortgage after maturity of the note without any consideraation being paid therefor would not render the transfer void, nor would the same be voidable unless the transaction was tainted with fraud. "A gift of a negotiable instrument of a third party inter vivos may be evidenced by the circumstances which usually attend gifts of personal property, as that it must be voluntary and absolute, and take effect at once, and must be accompanied by a delivery to the donee or to someone for his use and benefit. Such a gift, however, is not such a negotiation of it in the usual course of business as to give the donee the full protection which is extended a bona fide holder for value. * * * But as to all prior parties having no defense against the donor,

the donee can himself recover the whole amount'': 1 Daniel on Negotiable Instruments, (6th Ed.) section 181.

■■ To constitute plaintiff a holder in due course, the transfer must have been based upon a legal consideration sufficient to support a contract. She must have parted with "either money or money's worth": Ames, Bills & Notes, p. 867; Norton, Bills & Notes (2d Ed.), p. 294. Hence, since defendants alleged a defense which would have been good against plaintiff unless she was a holder in due course, defendants have the right to allege that plaintiff was not such holder. Although the answer alleged Burdick's employment by both plaintiff and her husband and their joint promise to credit the reasonable value of his services as payment on the note, yet it was entirely possible that defendants would be able to prove an employment and promise by W. A. Hattrem and not by plaintiff. Still the defense would be good as against plaintiff if the services were performed under such promise while Hattrem was the holder of the note unless the note was transferred to plaintiff before maturity and for a valuable consideration. For these reasons, we think the motion was properly overruled.

■ In support of the demurrer, it is contended that defendants' claim for the reasonable value of the services performed is not such a counterclaim as may be interposed in a suit in equity. Our statute provides that an equitable counterclaim is one upon which a suit may be brought by the defendant against the plaintiff and must be connected with the subject of the suit: Section 6-113, Oregon Code 1930. Matters, therefore, of purely legal cognizance in no way connected with the subject of the suit or arising out of the transaction set

forth in the complaint as the foundation of defendants' claim do not come within the statute, and therefore, cannot be set up as counterclaims in a suit in equity: *Dove v. Hayden,* 5 Or. 500; *Burrage v. B. G. & Q. M. Co.,* 12 Or. 169 (6 P. 766); *Sears v. Martin,* 22 Or. 311 (29 P. 890); *Conn v. Conn,* 22 Or. 452 (30 P. 230); *Le Clare v. Thibault,* 41 Or. 601 (69 P. 552); *Krausse v. Greenfield,* 61 Or. 502 (123 P. 392, 32 Ann. Cas. 115); *Hanna v. Hope,* 86 Or. 303 (168 P. 618); *Gabel v. Armstrong,* 88 Or. 84 (171 P. 190); *Taylor v. Buckner,* 100 Or. 75 (196 P. 839).

■ But how can it be contended that a plea of payment or part payment of an obligation sued on is in the nature of a counterclaim? Payment, in the absence of an agreement providing otherwise or the consent of the creditor, must, of course, be made in money: 48 C. J., p. 595. Here, it was alleged that there was an agreement that payment of the note to the extent of the value of the services performed should be paid in services. Now, payment is a discharge of an obligation or debt and part payment, if accepted, is a discharge pro tanto. Hence, the defendant when sued upon a note or other obligation may allege and prove that it has been discharged by payment in whole or in part. An answer alleging payment is a perfect defense to an action or suit when brought to enforce an obligation. Such answer is in the nature of a plea in bar and possesses none of the elements of a counterclaim. The demurrer, therefore, which raised this point only, was properly overruled.

■ Defendants contend that they are entitled to a greater credit upon the note than the amount allowed by the trial court. This leads to a discussion of the condition of the record. The testimony was taken at

different times and before a number of stenographers who each separately certified to the part taken before them. Plaintiff has filed in this court a certificate of the trial judge before whom all the testimony was taken in which he certified that the transcript of the testimony bearing upon this question is inaccurate and incomplete. Based thereon plaintiff moved to strike the same from the files. Upon the suggestion that it might be proper to remand the case so that the testimony could be again taken, plaintiff withdrew his motion and stipulated that the case be tried and determined upon the present transcript. Assuming for the purpose of this discussion only that in the absence of a duly and properly certified transcript of the evidence that parties upon appeal may stipulate what particular facts were tried in the court below, we have given careful consideration to the evidence as shown by this transcript and find no error in the amount allowed defendants as credit upon the note. Since error can never be presumed, the decree must be affirmed if effect be given to the stipulation. If, however, the assumption is wrongful, then the decree must also be affirmed for the same reason, because, unless the whole evidence upon the question is before us, we are bound by the finding made by the trial court in respect thereto.

Decree affirmed.

ROSSMAN and CAMPBELL, JJ., absent.